### 11620. DeBeaugrine *v.* Ward.

Stephens, J. 1. Where a written contract is incomplete and its meaning is uncertain and left to inference, extrinsic evidence is competent for the purpose of showing the intent of the parties and establishing the full meaning of the contract. This being a suit growing out of an alleged breach by the defendant of a contract, where the plaintiff claimed that he was employed by the defendant for the purpose of operating a dairy belonging to the defendant and was to receive for his services a certain

percentage of the output and increase in the cattle, and the defendant was to furnish all equipment, stock, tools, etc., including the entire feed for the cattle, and where the defendant contended that the entire contract was contained in a letter from the plaintiff, introduced in evidence, and the letter being silent as to a necessary element of the contract, viz. the furnishing of feed for the cattle, there was, from the nature and character of the transaction, an ambiguity in the contract, as to which party should furnish the feed for the cattle, and extrinsic evidence was competent and was properly admitted for the purpose of supplying the deficiency in the language of the contract and establishing the true intent and meaning of the parties. Such evidence raising an issue of fact as to the true intent of the parties, the question as to the interpretation of the contract was properly submitted to the jury.

2. The alleged newly discovered evidence, being an account book kept by the plaintiff, showing certain amounts of cattle feed bought from day to day during the life of the contract, without any indication of the significance of such entries, is perfectly consistent with the contention of the plaintiff that the defendant was to furnish all the feed for the cattle; it is merely cumulative, and is not of such a nature as would likely produce a different result, and besides it could by ordinary diligence have been discovered before the trial. The discretion of the trial judge was not abused in refusing a new trial on this ground.

3. The verdict for the plaintiff is supported by the evidence, and, no error of law appearing, it was not error to overrule the defendant's motion for a new trial.

4. The defendant's motion for damages for delay is denied.

> *Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

> DECIDED FEBRUARY 15, 1921.

Complaint; from Chattooga superior court — Judge Wright. May 4, 1920.

*Rosser & Shaw,* for plaintiff in error.

*J. M. Bellah, Maddox & Doyal,* contra.